# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-815V
UNPUBLISHED

| | |
|---|---|
| ERIN LYNN GILLASPY,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: August 5, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Ronalda Elnetta Kosh, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On July 6, 2020, Erin Lynn Gillaspy filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right shoulder injury (SIRVA) resulting from the adverse effects of an influenza (flu) vaccination she received on August 27, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 22, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On August 4, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $45,056.90 (comprised of $45,000.00 for pain and suffering, and $56.90 for past unreimbursable expenses). Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $45,056.90 (comprised of $45,000.00 for pain and suffering, and $56.90 for past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| ERIN LYNN GILLASPY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 20-815V |
| v. | ) | Chief Special Master Corcoran |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On July 6, 2020, Erin Lynn Gillaspy ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986 ("Vaccine Act" or "Act"). *See* 42 U.S.C. §§ 300aa-1 *et seq*. Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as a result of an influenza ("flu") vaccine administered in her right shoulder on August 27, 2018. *See* Petition at 1. On November 8, 2022, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on November 22, 2022, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 23; ECF No. 24; ECF No. 26.

**I.    Items of Compensation**

   A.   Pain and Suffering

Respondent proffers that petitioner should be awarded $45,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

      B.      <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $56.90. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.**    **<u>Form of the Award</u>**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through one lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of **$45,056.90**, in the form of a check payable to petitioner.

**III.**    **<u>Summary of Recommended Payments Following Judgment</u>**

      Lump sum payable to petitioner, Erin Lynn Gillaspy:    **$45,056.90**

                             Respectfully submitted,

                             BRIAN M. BOYNTON
                             Principal Deputy Assistant Attorney General

                             C. SALVATORE D'ALESSIO
                             Acting Director
                             Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

          HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

<u>s/ Ronalda E. Kosh</u>
RONALDA E. KOSH
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-4476
Email:  ronalda.kosh@usdoj.gov

DATED:  August 4, 2022